

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 9, 2025

By ECF
Honorable Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Nerayoff v. United States, et al.*, No. 25-cv-2012 (PKC) (JAM)

Dear Judge Chen:

      This Office represents Defendants United States of America and Special Agent Jordan Anderson ("Defendants") in this case, in which Plaintiff, an attorney proceeding *pro se*, seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2674-2690, 1346 ("FTCA"), and *Bivens Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to Your Honor's Individual Rules, Defendants respectfully request a pre-motion conference for their motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(1) and (b)(6).

      **I.**      **Background**

      This case arises from the investigation and prosecution of Plaintiff. *See United States v. Nerayoff*, No. 20-cr-008 (Brodie, C.J.). In January 2020, a grand jury indicted Plaintiff for an alleged extortion scheme. *See id.*, ECF No. 30. Three years later, the Court granted this Office's motion to dismiss based on "material exculpatory evidence" Plaintiff provided this Office "well after return of the Indictment." *See id.*, ECF No. 123 at 13. Here, Plaintiff alleges SA Anderson withheld exculpatory evidence from his affidavit supporting Plaintiff's arrest and "assembled" a "collection of lies, misstatements, and half-truths" to "create the illusion of probable cause" despite "kn[owing] or possess[ing] information that Plaintiff had committed no crimes." Compl., ¶¶ 18, 70. He seeks damages "in the billions" for malicious prosecution under the FTCA and Fourth and Fifth Amendment violations under *Bivens*. *See id.* ¶¶ 2, 92.

      **II.**      **An "Official Capacity" Claim Against SA Anderson Must Be Dismissed**

      The case caption names SA Anderson as a Defendant in his official and individual capacities. *See* ECF No. 1, Case Caption. Plaintiff, however, may not sue SA Anderson in his official capacity under the FTCA or *Bivens*, which, respectively, permit suit only against the United States and against a federal employee in their individual capacity. *See Rodriguez v. Dept. of the Navy*, 2019 WL 3936812, at *3 (E.D.N.Y. Aug. 20, 2019) (Chen, J.); *Farmer v. Federal Bureau of Prisons*, 2015 WL 1439871, at *4-*5 (E.D.N.Y. Mar. 27, 2015) (Irizarry, J.) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

      **III.**      **The "Malicious Prosecution" FTCA Claim Should Be Dismissed For Failure To State A Claim**

      Plaintiff did not adequately plead malicious prosecution, which requires plausibly alleging (among other elements) "lack of probable cause" and "malice." *See Watson v. United*

*States*, 865 F. 3d 123, 134 (2d Cir. 2017). Plaintiff did not plead a lack of probable cause, as the grand jury indictment "create[s] a presumption of probable cause" that he did not rebut with adequate allegations of "fraud, perjury, suppression of evidence or other misconduct in the grand jury." *See Rothstein v. Carriere*, 373 F.3d 275, 282-83 (2d Cir. 2004). In fact, the Complaint does "not address the grand jury proceedings at all," which is fatal. *See Alvarez v. City of New York*, 2024 WL 1140659, at *5 (S.D.N.Y. Mar. 15, 2024). Plaintiff also lacks adequate allegations of SA Anderson's malice—meaning, motivation by "something other than a desire to see the ends of justice served." *See Amador v. United States*, 2022 WL 902783, at *6 (S.D.N.Y. Mar. 22, 2022). Plaintiff pleads the bald conclusion that malice motivated SA Anderson and speculates that SA Anderson "knew that Plaintiff was innocent" and "there was no probable cause." *See* ECF No. 1 ¶ 73. But there are no supporting factual allegations. *See Amador*, 2022 WL 902783, at *6 (claiming officer "must have" made "false[] accus[ations]" and "fabricated evidence in light of [plaintiff's] version of the events and his ultimate acquittal" are inadequate, conclusory malice allegations).

### IV.    The *Bivens* Claim Should Be Dismissed

*A* **Bivens** *Claim Is Prohibited*. The *Bivens* claim must be dismissed because it presents a "new context" that is "meaningfully different" from the three contexts where *Bivens* actions were approved, and "special factors indicat[e] that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *See Gray v. Gomez,* 728 F. Supp. 3d 264, 268-69 (E.D.N.Y. 2024) (Chen, J.).

Plaintiff's claim presents a new context no matter how the allegations are sliced. Claiming "malicious prosecution" is a new context. *See Sigalovskaya v. Braden*, 2023 WL 6385761, at *4 (E.D.N.Y. Sept. 29, 2023) (DeArcy Hall, J.) *aff'd,* -- F. 4th --, 2025 WL 2457616 (2d Cir. Aug. 27, 2025). Basing that claim on an investigator allegedly "fabricat[ing]" a "false narrative" and "omitting material and exculpatory information when bringing charges" is a new context. *See Selvam v. United States*, 570 F. Supp. 3d 29, 44-45 (E.D.N.Y. 2021) (Kovner, J.); *Butler v. Hesch*, 2020 WL 1332476, at *11-*12 (N.D.N.Y. Mar. 23, 2020). Plaintiff was arrested pursuant to a warrant and indicted by a grand jury, so his claim presents a new context because it implicates "different legal mandate[s]" than *Bivens*. *See Lewis v. Westfield*, 640 F. Supp. 3d 249, 253-54 (E.D.N.Y. 2022) (Kovner, J.) (cited approvingly by *Gray*, 728 F. Supp. 3d at 270-71 (Chen, J.)). And to the extent Plaintiff alleges *Brady*-type suppression of exculpatory evidence, that, too, is different than prior approved *Bivens* cases.

Alternative legal and equitable remedies exist, which Plaintiff pursued or could have pursued. He moved to dismiss his criminal case, *see Guertin v. Leipfert*, 2025 WL 870362, at *2 (D.D.C. Mar. 20, 2025), and proffered exculpatory evidence to this Office, on which basis this Office sought dismissal. He also filed the instant FTCA claim. *See Rivera v. Samilo*, 370 F. Supp. 3d 362, 370 (E.D.N.Y. 2019) (Irizarry, J.) (citing *Sanford v. Bruno*, 2018 WL 2198759, at *6 (E.D.N.Y. May 14, 2018) (Cogan, J.)). Plaintiff also could have moved to suppress evidence derived from SA Anderson's allegedly unlawful conduct. *See Guertin*, 2025 WL 870362, at *2. Or Plaintiff could have sought a *Franks* hearing to test his alleged theory that SA Anderson lied. *Annappareddy v. Pascale*, 996 F.3d 120, 137-38 (4th Cir. 2021). And he could have filed a grievance with the Department of Justice. *See Smith v. Garcia*, 647 F. Supp. 3d 90, 98 (E.D.N.Y. 2022) (Gaurafis, J.); *see also*, *Gray*, 728 F. Supp. 3d at 273 ("Park Police's complaint procedures alone foreclose[]" *Bivens* claim).

  Other factors counsel hesitation in recognizing a *Bivens* remedy, including intruding on executive branch prosecutorial processes and decisions, and the difficult task of divining whether the alleged fabricated evidence would have "likely . . . influence[d]" the decision of a jury that was never empaneled at a trial that never occurred. *See Selvam*, 570 F. Supp. 3d at 45.

  ***No Fourth Or Fifth Amendment Violation Is Stated.*** Even if a *Bivens* remedy were available, Plaintiff does not adequately plead a malicious prosecution claim under the Fourth Amendment for the same reasons he did not plead it under the FTCA. He also does not plead a Fourth Amendment *Franks*-type violation because he pleads only conclusory allegations (not the required "substantial preliminary showing") that SA Anderson's affidavit knowingly or recklessly included falsities or material omissions and would not support probable cause absent the alleged falsities or omissions. *See Ayala v. Assenmacher*, 2024 WL 3535417, at *4 (E.D.N.Y. 2024) (Morrison, J.). Plaintiff also seemingly attempts to plead a *Brady*-type violation for SA Anderson "withholding . . . exculpatory evidence" from his warrant affidavit. *See* ECF No. 1 ¶ 88. But there can be no *Brady* violation at that stage. *See Johnston v. Town of Greece*, 983 F. Supp. 348, 358, n. 5 (W.D.N.Y. 1997); *see also U.S. v. Coppa*, 267 F.3d 132, 140, 146 (2d Cir. 2001) (*Brady* violation occurs only if evidence suppressed past the time when defendant could have effectively used it at trial). The *Brady* claim also fails to describe the allegedly withheld evidence and how it was favorable to Plaintiff, and that SA Anderson possessed this evidence. *See U.S. v. Sebbern*, 641 Fed. Appx. 18, 22 (2d Cir. 2015).

  ***Qualified Immunity***. Officers have qualified immunity where "it was objectively reasonable for her to believe that her actions were lawful." *See Cornelio v. Connecticut*, 32 F.4th 160, 179 (2d Cir. 2022). Specific to a malicious prosecution claim, "arguable probable cause" to prosecute Plaintiff suffices for qualified immunity. *Id.* Here, it is presumed that SA Anderson's "probable cause determination [was] objectively reasonable" because a neutral magistrate issued Plaintiff's arrest warrant on its basis. *Id.* Plaintiff has not carried his burden to overcome that presumption by showing SA Anderson supplied "misleading information" or "omi[tted]" information necessary to the probable cause determination. *Id*. All Plaintiff offers is his commentary on SA Anderson's affidavit, but a differing, biased view of the evidence does not defeat the objective conclusion that there was arguable probable cause. *See* Compl ¶¶ 17-52.

              Respectfully submitted,

              JOSEPH NOCELLA, JR.
              United States Attorney

        By:  */s/ Justin S. Kirschner*
            Justin S. Kirschner
            Assistant U.S. Attorney
            (718) 254-6884
            Justin.Kirschner@usdoj.gov

cc (via FedEx):
  Steven Nerayoff, Plaintiff *Pro Se*
  10 Bond Street, Suite 363
  Great Neck, NY 11201