

Stephen B. Meister
Direct (212) 655-3551
Fax (646) 539-3651
sbm@msf-law.com

October 13, 2025

<u>Via ECF</u>

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   ***Steven Nerayoff v. The United States of America, et al.***
         Civ. Action No. 1:25-cv-02012-PKC-JAM

Dear Judge Chen:

Plaintiff now responds to the Government's letter of September 9, 2025.

Plaintiff does not believe his *Bivens* claim presents a "new context," nor even if it does, that special factors exist rendering *Bivens* relief unavailable. Nevertheless, Plaintiff is mindful that the two-step *Bivens* analysis is not one a court performs "easily." *See Gray v. Gomez*, 728 F. Supp 3d 264, 269 (E.D.N.Y. 2024). To streamline this action, and given that Plaintiff has a meritorious claim under the Federal Torts Claim Act, 28 U.S.C. §§ 2674-2690, 1346 ("FTCA"), he sees no compelling reason to press the *Bivens* claim against S/A Anderson. Plaintiff therefore intends to amend his Verified Complaint to drop the *Bivens* claim and S/A Anderson as a named defendant. This will moot the prong of the Government's anticipated motion directed at the *Bivens* claim.

Contrary to the Government's contentions, Plaintiff's Verified Complaint (ECF 1) contains plausibly pled concrete facts, none of which are cloaked with the qualified immunity attached to an arresting officer's testimony to a grand jury, and all of which, taken together, more than sufficiently allege each of the elements of a malicious prosecution claim under New York law.

In New York, the elements of the tort of malicious prosecution are: the defendant commenced a criminal proceeding against the plaintiff; that prosecution terminated in plaintiff's favor; absence of probable cause; and actual malice. Although a presumption of probable cause arises from a grand jury indictment, that presumption is overcome by S/A Anderson's perjurious September 17, 2019 complaint and affidavit in support of application for arrest warrants. *See, e.g.*, *Appling v. City of New York*, No. 18-CV-5486 (MKB), 2021 WL 695061, *14 (E.D.N.Y. Feb. 23, 2021), (emphasis original), holding that "false statements [by arresting officer] in the criminal complaint" — i.e., "outside the grand jury" — can be used to rebut presumption of probable cause arising from the grand jury indictment: "Plaintiff cannot, in light of *Rehberg* [*v Pauli,* 566 U.S. 356

*Hon. Pamela K Chen*
*Page 2*
*October 13, 2025*

(2012)], rely on grand jury testimony to rebut the ***presumption*** of probable cause created by his ***indictment***, [but] he can rely on Detective Verdesoto's statements in the criminal complaint, where he made the allegedly "false assertion … that he saw Plaintiff toss a gun."

Of course, "lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment" (never mind a pre-answer motion to dismiss). *Appling*, *14 (quoting *Lowth* v. *Town of Cheektowaga,* 82 F.3d 563 (2nd Cir. 1996), at 573)).

Plaintiff's concrete allegations of false sworn statements by S/A Anderson in his September 17, 2019 criminal complaint and affidavit — preceding the grand jury indictment by four months — are not protected by the qualified immunity attaching to his later undoubtedly false testimony to grand jury, and as such are sufficient to overcome the presumption of probable cause arising from the later grand jury indictment.  As Chief Judge Brodie wrote in *Appling*, where the law enforcement officer is alleged to have "falsely testified, […] the Court [at a later stage of the proceedings] analyzes whether Plaintiff has adduced evidence sufficient to rebut the presumption of probable cause[.]" *Appling*, 2021 WL 695061, at *14, citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997) and *Lowth*.

Plaintiff will not repeat the Complaint's particularized allegations of S/A Anderson's perjurious statements in his affidavit and criminal complaint and, but notes they run for over three dozen paragraphs.  *See* ECF 1, ¶¶ 17-52.  Further, Plaintiff respectfully reminds the Court that it was only after and in response to Plaintiff's February 13, 2023 motion in the since-dismissed criminal action, seeking, *inter alia*, to unseal relevant portions of the grand jury minutes, or in the alternative to conduct an *in camera* review thereof — as the qualified immunity attached to Anderson's false testimony to the grand jury did not preclude such perjury from being used to aid dismissal of the criminal complaint — that the Government responded with its own March 20, 2023 motion to dismiss the criminal complaint with prejudice based on its possession of "material exculpatory evidence." *See U.S. v. Nerayoff*, No. 20-cr-008 (MKB), ECF 112, at 19-20. While the Government vaguely asserted that it had acquired this exculpatory evidence "well after return of the Indictment," that was the Government's own characterization merely quoted by Chief Judge Brodie, not a factual finding.  In fact, the Government had this additional exculpatory videographic evidence in its possession for at least 21 months preceding its responsive motion, but S/A Anderson had other compelling exculpatory evidence—emails, texts, imessages, and skype messages, all well-detailed in the Complaint, a full seven months prior to the Government obtaining the arrest warrant based on S/A Anderson's perjurious statements in the September 2019 affidavit and criminal complaint.

Regardless, with the Government moving to dismiss its own action with prejudice, Chief Judge Brodie understandably granted the Government's motion, mooting Plaintiff's unsealing request and motion to compel.  It is clear the Government made its own motion to avoid that unsealing and other compulsory disclosure precisely because it would have revealed S/A Anderson's additional perjurious testimony to the grand jury and other nefarious conduct.

Though Plaintiff's particularized allegations are detailed, Plaintiff reserves the right to further supplement them in his proposed amended complaint.  Once filed, the Government can decide whether it intends to pursue its contemplated motion to dismiss Plaintiff's FTCA claim.

*Hon. Pamela K Chen*
*Page 3*
*October 13, 2025*

While, at this stage, Plaintiff need only plausibly plead, as the Complaint does, allegations sufficient to show S/A Anderson perjured himself in his affidavit and complaint, ultimately the case will turn on written and electronic evidence showing such perjury. For that reason, Plaintiff intends to seek in discovery, and if necessary, move to compel the Government to produce, all relevant discovery materials including: (a) discovery materials produced to the Government including but not limited to by StormX, which were previously produced by the Government to and thereafter destroyed by Plaintiff pursuant to protective order (*see U.S. v. Nerayoff*, No. 20-cr-008 (MKB), ECF 21), (b) all discovery materials previously requested by Plaintiff in his motion to dismiss the underlying criminal case, none of which were ever produced by the Government, which instead chose to move to dismiss its own complaint with prejudice rather than risk being forced to make such disclosures, (c) Plaintiff's arrest record, which was never produced by the Government, and (d) all outstanding Privacy Act materials previously requested by Plaintiff and never produced by the Government in contravention of law. As mentioned above, though Plaintiff did give additional dispositive exculpatory videographic evidence to the Government after the return of the indictment on January 10, 2020, S/A Anderson had in his possession other sufficient exculpatory emails, texts, imessages, and skype messages, all detailed in the Complaint, seven months prior to the filing of his affidavit and criminal complaint, which itself was filed four months prior to the indictment. Production of these discovery materials will establish Anderson's pre-indictment perjury— leading to Plaintiff's "warrantless" arrest — thus rebutting the presumption of probable cause arising from the later indictment.

Respectfully Submitted,

*/s/ Stephen B. Meister*
MEISTER SEELIG & FEIN PLLC
Stephen B. Meister
Milton Otto
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: sbm@msf-law.com
       mo@msf-law.com


cc: Counsel of Record (via ECF)