

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 24, 2025

<u>By ECF</u>
Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Nerayoff v. United States, et al.*, No. 25-cv-2012 (PKC) (JAM)

Dear Judge Marutollo:

  This Office represents Defendants United States of America and Special Agent Jordan Anderson ("Defendants") in this case, in which Plaintiff seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2674-2690, 1346 ("FTCA"), and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to Part V of Your Honor's Individual Practices and Rules, Defendants respectfully request that the Court adjourn the October 28, 2025 deadline to file the Discovery Plan and Scheduling Order and the November 4, 2025 initial conference until a date agreeable to the Court after the December 3, 2025 deadline for Defendants to respond to Plaintiff's amended complaint. Plaintiff consents to this request.

  By way of brief background, this case arises from the investigation, grand jury indictment, and prosecution of Plaintiff for an alleged extortion scheme. *See United States v. Nerayoff*, No. 20-cr-008 (Brodie, C.J.). The criminal prosecution was dismissed on this Office's motion to dismiss based on "material exculpatory evidence" Plaintiff provided this Office "well after return of the Indictment." *See id.*, ECF No. 123 at 13. Here, Plaintiff, originally *pro se*, alleges that the United States and SA Anderson are liable for malicious prosecution under the FTCA and *Bivens*, respectively. *See generally* Compl.

  On September 9, 2025, Defendants filed a pre-motion conference letter in anticipation of a motion to dismiss. *See* ECF No. 7. On September 29, 2025, counsel for Plaintiff filed their appearances. *See* ECF Nos. 8-9. The following day, Plaintiff requested until October 13, 2025, to file a response to Defendants' pre-motion conference letter, which Judge Chen granted. *See* ECF No. 10; Order dated Sept. 30, 2025.

  At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed. On October 2, 2025, Chief Judge Brodie entered Administrative Order 2025-15. Under AO 2025-15, "[a]bsent other direction or order from the Court" and subject to exceptions not applicable here, "all civil cases . . . in which the United States Attorney's Office for the Eastern District of New York or the Department of Justice has appeared as counsel of record" are stayed "until two business days after the date the President signs into law a budget appropriation that restores

Department of Justice funding," and all deadlines in such cases are tolled "during the duration of the government shutdown and extended thereafter for a period of time equal to the number of calendar days between October 1, 2025 and two business days after the President signs into law a budget appropriation that restores Department of Justice funding." This case was, therefore, stayed and deadlines were tolled "[a]bsent other direction or order from the Court."

On October 13, 2025, Plaintiff timely filed a response to Defendants' pre-motion conference letter, in which Plaintiff stated he "intends to amend his Verified Complaint to drop the *Bivens* claim and S/A Anderson as a named defendant" and "reserved the right to further supplement [his original allegations] in his proposed amended complaint." *See* ECF No. 11 at 1-2.

Later on October 13, 2025, this Court entered a Scheduling Order requiring the parties to complete and file the Discovery Plan and Scheduling Order "no later than October 28, 2025," and set an in-person initial conference for November 4, 2025, at 12:00 pm. *See* ECF No. 12. On October 20, 2025, "[i]n light of Plaintiff's representation that he intends to amend his Verified Complaint," Judge Chen denied Defendants' request for a pre-motion conference "with leave to renew after Plaintiff has filed his Amended Complaint," and set a deadline for Plaintiff to file the amended complaint of November 19, 2025. *See* Order dated Oct. 20, 2025. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants' response to the amended complaint will be due 14 days after Plaintiff files the amended complaint, which will be December 3, 2025 (assuming Plaintiff files on the November 19, 2025 due date).

Defendants respectfully request that the Court adjourn the Discovery Plan and Scheduling Order filing deadline and initial conference until after December 3, 2025. Because Plaintiff has "reserved the right to further supplement" his original pleadings, Defendants cannot agree on a discovery plan and scheduling order without first reviewing Plaintiff's operative pleading and deciding how to respond. This is Defendants' first request to extend any deadline. It will not affect any other deadlines currently in place. Plaintiff consents to this request.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   */s/ Justin S. Kirschner*
Justin S. Kirschner
Assistant U.S. Attorney
(718) 254-6884
Justin.Kirschner@usdoj.gov

cc (via ECF): All counsel of record.

2