

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 3, 2025

By ECF
Honorable Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    *Nerayoff v. United States, et al.*, No. 25-cv-2012 (PKC) (JAM)

Dear Judge Chen:

      This Office represents Defendant United States of America in this case, in which Plaintiff seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") for malicious prosecution. Pursuant to Your Honor's Individual Rules, Defendant respectfully requests a pre-motion conference for its motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    **I.**    **Background**

      This case arises from the prosecution of Plaintiff for an alleged extortion scheme. *See United States v. Nerayoff*, No. 20-cr-008 (Brodie, Ch. J.). Plaintiff was arrested in September 2019, pursuant to a warrant that was supported by an FBI affidavit describing the alleged extortion. *See* CR ECF No. 1: ECF No. 14 ¶ 56.[1] In January 2020, a grand jury indicted Plaintiff on Hobbs Act extortion and related charges. *See* CR ECF No. 30. However, three years later, the Court granted this Office's motion to dismiss based on "'material exculpatory evidence' [this Office] obtained 'well after return of the Indictment.'" *See* CR ECF No. 123 at 13.

      Here, Plaintiff attempts to state a claim for malicious prosecution under the FTCA and seeks damages "in the billions." ECF No. 14 ¶¶ 2, 69-80. He alleges the FBI affidavit was a "collection of lies" and "misle[ading]," "grossly distor[ed]," or "warped" allegations, "misstatements, and half-truths" that was "assembled" to "create the illusion of probable cause," despite the Government "kn[owing] or possess[ing] information that Plaintiff had committed no crimes." *Id.* ¶¶ 18, 19, 50, 54, 73. He claims, on his knowledge, that "prosecutors . . . obtained an indictment" from the grand jury "based on the very same lies" in the FBI affidavit. *Id.* ¶ 64. It is unclear, however, how Plaintiff verified under the penalty of perjury (*id*. at 21) what was presented to the grand jury, given that Plaintiff admitted in his criminal case he was "not privy to what evidence the grand jury received" and instead had only a "belie[f]" of what "must have been introduced in order for the Grand Jury to return the Indictment" (CR ECF No. 105-47 at 7, 10); the Government had not identified its grand jury witness (CR ECF No. 112 at 7); and Chief Judge Brodie refused to unseal the grand jury minutes (CR ECF No. 123 at 14, n.7).

      Plaintiff originally sued the attesting FBI agent under *Bivens*, as well. ECF No. 1. But after Defendant filed a pre-motion conference letter (ECF No. 7), Plaintiff amended the

---

[1] "CR ECF" refers to the docket in *U.S. v. Nerayoff*, No. 20-cr-008. "ECF" refers to the docket in this case.

complaint to withdraw that claim, leaving the alleged "facts" nearly unchanged. Notably, Plaintiff reprises the conclusory allegation, meant to support his claim that the FBI "lie[d]," that before the FBI affidavit was sworn out, "the federal Government had in its possession, custody, and control all the communications . . . that . . . reflected that [Plaintiff] did not engage in, or demonstrate any extortionary behavior." ECF No. 14 ¶ 15.

## II.  Plaintiff Fails To State A Malicious Prosecution FTCA Claim

For the Amended Complaint to survive a motion to dismiss, it had to adequately plead all elements of malicious prosecution under New York law. *Watson v. United States*, 865 F.3d 123, 134. (2d Cir. 2017). Under New York law, the elements of malicious prosecution include "lack of probable cause" and "malice." *Id.* Plaintiff did not and cannot adequately plead both.

### a.  Plaintiff Has Not And Cannot Adequately Plead Lack Of Probable Cause

Plaintiff cannot plead lack of probable cause because he cannot overcome the presumption that there was probable cause based on the grand jury indictment. "Once a suspect has been indicted . . . the law holds that the Grand Jury Action creates a presumption of probable cause," which is a "complete defense to a claim of malicious prosecution." *See Rothstein v. Carrier*, 373 F.3d 275, 282-83 (2d Cir. 2004); *Amador v. United States*, 2022 WL 902783, at *5 (S.D.N.Y Mar. 28, 2022). That presumption requires dismissal at this stage unless Plaintiff adequately pled that his indictment was produced by "fraud, perjury, the suppression of evidence or other misconduct in the grand jury." *See Rothstein*, 373 F.3d at 283; *Alvarez v. City of New York*, 2024 WL 1140659, at *5 (S.D.N.Y. Mar. 15, 2024) (dismissing where complaint does not "successfully rebut[] the presumption" "created by the grand jury's indictment").

Rebutting the probable cause presumption "requires [Plaintiff] to establish what occurred in the grand jury." *See Rothstein*, 373 F.3d at 284. But Plaintiff cannot adequately plead any facts about the grand jury proceedings, much less facts showing misconduct, because he does not know what happened in the grand jury. He only speculates that prosecutors "obtained an indictment" from the grand jury based on the FBI affidavit. ECF No. 14 ¶ 64. But he does not know what facts the Government presented to the grand jury nor through which witness. CR ECF No. 105-47 at 7, 10; CR ECF No. 112 at 7; CR ECF No. 123 at 14, n.7. On that basis alone, the Amended Complaint should be dismissed with prejudice. *See Alvarez*, 2024 WL 1140659, at *5 (dismissing malicious prosecution claim where complaint lacked adequate allegations that an officer's "allegedly false statement . . . was introduced at the grand jury proceeding"). The Amended Complaint states nothing more than Plaintiff's speculation about what was presented to the grand jury, which does not suffice to overcome the presumption of probable cause. *See Rothstein*, 373 F.3d at 284 ("belated argument that [officer] must have testified falsely to the grand jury amounts to rank speculation"); *Daytree at Courtland Square, Inc. v. Walsh*, 332 F. Supp. Ed 610, 625 (E.D.N.Y. 2018) (Bianco, J.) ("[A] complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level.").

Even assuming the FBI affidavit was presented to the grand jury, the Amended Complaint does not adequately allege fraud, perjury, or evidence suppression because it does not show any official knew and hid contradictory information from the grand jury. Instead, Plaintiff casts the most generalized net, claiming "the federal Government" knew contradicting information it did not present to the grand jury. *See, e.g.,* ECF No. 14 ¶¶ 15, 27, 30, 35, 44, 65.

But fatal for Plaintiff's claim, he does not show how any of the information he asserts

"the Government" possessed contradicts the FBI affidavit. Instead, he offers only his self-serving, mitigating explanations that are consistent with the extortionary threats the FBI affidavit detailed, which do not overcome the presumption of probable cause. *See Selvam v. United States*, 570 F. Supp. 3d 29, 42 (E.D.N.Y. 2021) (Kovner, J.) ("The fact that an innocent explanation may be consistent with the facts alleged does not negate the presumption of probable cause.").

Defendant offers two examples of the innocent explanations Plaintiff proffers to highlight that he does not adequately allege that any FBI affidavit statement was false:

- ECF No. 14 ¶¶ 25, 27, and 30. The FBI affidavit allegedly stated that "[Plaintiff] . . . contacted John Doe and Jane Doe and demanded that Company 1 agree to let [Plaintiff's company] keep 30,000 [Ether cryptocurrency units]." To try to show that statement was an "absolute lie," Plaintiff claims the affidavit knowingly omitted that "John Doe had told [Plaintiff] that he thought 30,000 Ether as part of [Plaintiff's] compensation was fair." But what "John Doe" thought was "fair compensation" does not render inaccurate the statement that Plaintiff "demanded" 30,000 Ether.

- ECF No. 14 ¶ 55. The affidavit allegedly stated that "[Plaintiff] wanted to acquire Company 1 through force." To try to show that statement was a "lie," Plaintiff claims the affidavit knowingly omitted stating the date of "the last time [Plaintiff] had spoken with Jane Doe." But omitting when Plaintiff last spoke with Jane Doe does not render inaccurate the statement that "[Plaintiff] wanted to acquire Company 1 through force."

Having failed to "plausibly allege facts that cast serious doubt on the truthfulness of [] grand jury testimony or whether it was made in bad faith," Plaintiff cannot "overcome the presumption of probable cause created by the indictment." *See Amador*, 2022 WL 902783, at *6.

### b. Plaintiff Has Not Adequately Pled Malice

Plaintiff's pleading also lacks adequate allegations of malice—meaning, motivation by "something other than a desire to see the ends of justice served." *See id.* Plaintiff pleads the bald conclusion that malice motivated the FBI agent and speculates that the agent "knew that Plaintiff was innocent . . . and there was no probable cause." ECF No. 1 ¶ 76. But speculating "only that the [] officers must have fabricated evidence in light of plaintiff's version of the events and his ultimate acquittal . . . [w]ithout alleging more . . . fails to adequately plead facts to support the actual malice element." *See Amador*, 2022 WL 902783, at *6.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   */s/ Justin S. Kirschner*
Justin S. Kirschner
Assistant U.S. Attorney
(718) 254-6884
Justin.Kirschner@usdoj.gov

cc (via ECF):  all counsel of record