

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 9, 2026

By ECF
Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Nerayoff v. United States, et al.*, No. 25-cv-2012 (PKC) (JAM)

Dear Judge Marutollo:

This Office represents Defendant United States of America in this case, in which Plaintiff seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674-2690 ("FTCA"), for alleged malicious prosecution. The parties write in accordance with Your Honor's Order dated April 2, 2026, directing the parties to "file a joint status report along with any proposed protective order by April 9, 2026." The parties have no status update to provide since their status report dated April 2, 2026 (ECF No. 23). The proposed protective order is filed concurrently with this letter. The parties write under Part VIII of Your Honor's Individual Practices and Rules to explain the changes in the proposed protective order from Your Honor's form Confidentiality Order.

First, the parties propose using the term "Protected Information" rather than "Confidential" for covered documents and information to align with the practice of the Federal Bureau of Investigation, which uses the label "Confidential" for other purposes.

Second, the parties propose a new Paragraph (a) providing that the United States is authorized under 5 U.S.C. § 552a(b)(12) to produce records and information pursuant to the terms of the Protective Order that would otherwise be protected from disclosure by the Privacy Act. Without this provision, the United States cannot release such records or information.[1]

Third, the parties propose an additional category of Protected Information to reflect the documents and information likely to be exchanged in this case.

Fourth, the parties propose an addition to Paragraph (e) to state the permitted and prohibited "use[s]" of Protected Information, which are not stated in the Court's form Confidentiality Order.

Fifth, the parties propose additions to Paragraphs (i) and (j) that set a process for the

---

[1] Paragraph letters refer to the lettering in the proposed Protective Order.

receiving party to notify the producing party of an intent to place on the public docket or use in open court Protected Information. This process will allow the producing party an opportunity to seek to seal such Protected Information.

Sixth, the parties propose additions to Paragraphs (h) and (i) to provide for emergency sealing over Protected Information filed on the public docket where the filing party did so without following the process for disputing the "Protected Information" designation or notifying the producing party of their intent to file such Protected Information. These additions will ensure the expeditious sealing of any Protected Information improperly publicly filed.

Seventh, the parties propose adding Paragraph (k) to set the process preceding any disclosure of Protected Information required by law or court order. This provision will permit the producing party an opportunity to object to such disclosure or seek confidentiality of such Protected Information, thereby giving the producing party an opportunity to seek to maintain the confidentiality of Protected Information.

Eighth, the parties propose adding Paragraph (m) to clarify that nothing in the Protective Order prohibits or limits the United States, its agencies, or its employees from using or disclosing Protected Information as the United States, its agencies, or its employees would otherwise be allowed to do by law absent entry of the Protective Order.

The parties thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      _/s/ Justin S. Kirschner_____
Justin S. Kirschner
Assistant U.S. Attorney
(718) 254-6884
Justin.Kirschner@usdoj.gov

cc (via ECF): All counsel of record.

2