UNITED STATES DISTRICT COURT-
EASTERN DISTRICT OF NEW YORK

STEVEN NERAYOFF,

        *Plaintiff*,

    v.

              *Defendants.*

    XUNITED STATES OF AMERICA,

       –    *Defendant.*

Docket Civil Action
No. 25-cv-02012
(Chen, J.)
(Marutollo, M.J.)

CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

## STIPULATION AND [PROPOSED] ORDER REGARDING RECORDS COVERED BY THE PRIVACY ACT OF 1974, 5 U.S.C. § 552a, AND OTHER MATERIALS

WHEREAS, all parties to this action request that this Court issue an order pursuant to 5 U.S.C. § 552a(b)(12) authorizing Defendant United States to produce information that would otherwise would be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, or other statute or regulation;

WHEREAS, all parties to this action request that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic, law enforcement, and sensitive information that is disclosed in connection with this action;

WHEREAS, all parties to this action request that the Court enter an order pursuant to Fed. R. Evid. 502(d) to prevent the waiver of any privileged information that is disclosed in connection with discovery in this action; and

WHEREAS, all parties to this action request that the Court enter an order to protect the identities, names and voices of victims disclosed in connection with discovery in this action.

IT IS HEREBY ORDERED as follows:

(a)     Pursuant to 5 U.S.C. § 552a(b)(12), this Order authorizes Defendant United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, without first obtaining a Court order permitting disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein. It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings.

(a)(b)  The following documents and information may be designated as "confidentialProtected Information," provided that such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [*check all that apply*]:

☐  Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

☐  Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

☐  Medical and Legal Records, including medical files and reports.

☐  Non-public criminal history.

☐  Information protected from disclosure by the Privacy Act or other statute or regulation, any information a party deems confidential, and any information regarding alleged victims in *United States v. Nerayoff, et al.*, No. 1:20-cr-00008-MKB (E.D.N.Y.), including Plaintiff who contends he is the sole victim in the aforesaid action, which was dismissed with prejudice.

(b)(c)  If any party believes that a document not described in the above paragraph should nevertheless be considered confidential, that party may make application to the Court. Such an application shall only be granted for good cause shown.

(c)(d)  An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential words "Protected Information" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "~~confidential~~Protected Information," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as ~~confidential~~Protected Information specific portions of the transcript which contain ~~confidential~~Protected Information matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as ~~confidential~~Protected Information for this 10-day period. Any portions of a transcript designated ~~confidential~~Protected Information shall thereafter be treated as ~~confidential~~Protected Information in accordance with this Order. The ~~confidential~~Protected Information portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "~~confidential~~Protected Information" by the reporter.

~~(d)~~(e)  Documents designated "~~confidential~~Protected Information" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see ~~confidential~~Protected Information documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the ~~confidential~~Protected Information designation. Each person who is permitted to see ~~confidential~~Protected Information documents, who is not a party or an attorney for a party or court personnel, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any ~~confidential discovery material produced in this litigation may only be used in connection with this litigation~~Protected Information produced in this litigation may only be used for the purposes of this action and for no other purpose whatsoever, and shall not be published for any other purpose in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order. All persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing documents or information designated as Protected Information to any person or for any purpose not authorized by this Order. All persons to whom Protected information is disclosed shall maintain such Protected Information in a secure location.

~~(e)~~(f)  Review of the ~~confidential~~Protected Information documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

~~(f)~~(g)  The inadvertent, unintentional, or *in camera* disclosure of ~~a confidential document and information~~Protected Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If, at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be

4

designated as "~~confidential~~<u>Protected Information</u>," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as ~~confidential~~<u>Protected Information</u> under this Order.

~~(g)~~<u>(h)</u>  If a party believes that a document designated or sought to be designated as ~~confidential~~<u>Protected Information</u> by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking ~~confidentiality to demonstrate that such designation is proper~~<u>designation as Protected Information to demonstrate that such designation is proper. In the event any party places upon the public docket for this case any filing containing or discussing Protected Information but fails to follow the requirements of this paragraph, the other party may seek an emergency seal over such filing and apply to the Court for a permanent seal over same</u>.

(h)(i)    The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, if they wish to move to file a document under seal. Additionally, any party seeking to place upon the public docket for this case any filing containing or discussing Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, shall provide the producing person no less than ten days' advance written notice of its intent to file such material so that it may seek to require that such Protected Information be filed under seal in accordance with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases. In the event any party places upon the public docket for this case any filing containing or discussing Protected Information but fails to follow the requirements of this paragraph, any other party may seek an emergency seal over such filing and apply to the Court for a permanent seal over same.

(j)    Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

(k)    If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a permitted to view Protected Information, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the application for a protective order has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced pursuant to the terms of this Order is required by law or court order to be disclosed to a person or entity not identified herein as permitted to view Protected Information, that person or entity shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

(i)(l)    Within a reasonable period after the conclusion of the litigation, all confidentialProtected Information material shall be returned to the respective producing parties or destroyed by the recipients.

(m)    Nothing in this Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing material or information designated as Protected Information as the United States, its agencies, and its employees, would otherwise be authorized to do by law absent entry of the Protective Order.

(j)(n)    In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may

6

recover the costs incurred by it and, if so, the amount to be awarded.

(k)(o)  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| Attorney for Plaintiff | Attorney for Defendant |
|---|---|
| Name: <br> Meister Seelig & Fein PLLC <br> Stephen B. Meister <br> Milton Otto | Name: <br> Justin S. Kirschner <br> Assistant U.S. Attorney |
| Address: <br> 125 Park Avenue, 7th Floor <br> New York, New York 10017 | Address: <br> 271-A Cadman Plaza East <br> Brooklyn, New York 11201 |
| Telephone: <br> (212) 655-3500 | Telephone: <br> (718) 254-6884 |
| Email: <br> sbm@msf-law.com <br> mo@msf-law.com | Email: <br> Justin.Kirschner@usdoj.gov |
| Signature: | Signature: |

**SO ORDERED:**

Dated: Brooklyn, New York

_____

_____

_____

_____

**JOSEPH A. MARUTOLLO**
United States Magistrate Judge

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled:

_____

_____

have been designated as ~~confidential.~~Protected Information.  I have been informed that any such documents or information labeled "~~confidential~~Protected Information" are confidential by Order of the Court.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Print Name:_____

Sign Name:_____

Dated:_____

Signed in the presence of:

_____

_____

(Attorney)