UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – –X

STEVEN NERAYOFF,                                    **ANSWER**

                  Plaintiff                    Docket No. 25-CV-2012

   - against -                              (Chen, J.)
                                                   (Marutollo, M.J.)
UNITED STATES OF AMERICA,

               Defendant.

– – – – – – – – – – – – – – – – – – – –X

Defendant UNITED STATES OF AMERICA, by its attorney JOSEPH NOCELLA, JR., United States Attorney for the Eastern District of New York, Justin S. Kirschner, Assistant United States Attorney, of counsel, hereby answers the correspondingly numbered paragraphs of Plaintiff's amended complaint, ECF No. 14 ("AC"), upon information and belief, as follows:

<b><u>IN RESPONSE TO "NATURE OF THE ACTION"</u></b>

1. Paragraph 1 sets forth legal conclusions and Plaintiff's characterization of this case, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

2. Paragraph 2 sets forth legal conclusions and Plaintiff's characterization of this case and his criminal case, to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the documents referenced in this paragraph for a full and accurate statement of each document's contents.

<b><u>IN RESPONSE TO "JURISDICTION AND VENUE"</u></b>

1

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that this action arises "in part" under the Federal Tort Claims Act ("FTCA") and otherwise denies, except admits that this Court has subject matter jurisdiction.

4. Paragraph 4 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits.

5. Defendant denies the allegations in Paragraph 5 of the AC, except admits that the Department of Justice received Plaintiff's administrative claim form (Form SF-95) on April 15, 2024.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits.

## IN RESPONSE TO "THE PARTIES"

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the AC.

8. Defendant admits.

9. Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits.

## IN RESPONSE TO "STATEMENT OF FACTS"

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the AC.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the AC.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the AC.

13. Defendant denies.

14. Defendant denies.

15. Paragraph 15 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

16. Defendant denies.

17. Defendant denies.

18. Defendant denies.

19. Defendant denies.

20. Defendant denies.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the AC.

22. Paragraph 22 sets forth legal conclusions and Plaintiff's characterization of S/A Anderson's affidavit ("FBI Affidavit") to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

23. Paragraph 23 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the AC.

25. Paragraph 25 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary,

Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

26. Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

27. Defendant denies.

28. Paragraph 28 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

29. Paragraph 29 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

30. Paragraph 30 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

31. Paragraph 31 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

32. Defendant denies.

33. Paragraph 33 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

34. Paragraph 34 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

35. Paragraph 35 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

36. Paragraph 36 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

37. Paragraph 37 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

38. Paragraph 38 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

39. Paragraph 39 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

40. Paragraph 40 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

41. Paragraph 41 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

42. Paragraph 42 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

43. Paragraph 43 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

45. Paragraph 45 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

46. Paragraph 46 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

47. Paragraph 47 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

48. Paragraph 48 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

49. Paragraph 49 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

50. Paragraph 50 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

51. Paragraph 51 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52.

53. Paragraph 53 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary, Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

54. Paragraph 54 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

55. Paragraph 55 sets forth legal conclusions and Plaintiff's characterization of the FBI Affidavit to which no response is required. To the extent a response is deemed necessary,

Defendant denies and respectfully refers the Court to the FBI Affidavit for a full and accurate statement of its contents.

56. Paragraph 56 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies, except admits that the Honorable Ramon E. Reyes, Jr., signed an arrest warrant for Plaintiff on September 17, 2019.

57. Defendant denies, except admits that Plaintiff was arrested on September 18, 2019 (not September 19, 2019, as alleged).

58. Paragraph 58 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

59. Defendant denies.

60. Paragraph 60 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies.

61. Defendant denies.

62. Defendant denies, except admits that Plaintiff was arraigned on September 18, 2019, and released on a $750,000 bond.

63. Defendant denies.

64. Defendant denies, except admits that a grand jury was convened on January 10, 2020, and charged Plaintiff with certain crimes.

65. Paragraph 65 sets forth legal conclusions and Plaintiff's characterization of certain filings in his criminal case, to which no response is required. To the extent a response is deemed necessary, Defendant denies, except admits that it moved to dismiss all charges against Plaintiff with prejudice in March 2023, and respectfully refers the Court to the documents referenced in this paragraph for a full and accurate statement of each's contents.

66. Paragraph 66 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies, except admits that on May 5, 2023, Chief Judge Brodie granted the Government's motion to dismiss with prejudice.

67. Defendant denies, except admits that on April 15, 2024, the Department of Justice received Plaintiff's administrative claim form (Form SF-95) on April 15, 2024.

68. Defendant admits.

**IN RESPONSE TO "AS AND FOR A CAUSE OF ACTION AGAINST THE UNITED STATES PURSUANT TO THE FTCA: MALICIOUS PROSECUTION"**

69. Defendant repeats each and every response in the preceding paragraphs as if set forth fully herein.

70. Defendant admits.

71. Defendant denies.

72. Paragraph 72 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies, except admits that on May 5, 2023, Chief Judge Brodie granted the Government's motion to dismiss with prejudice.

73. Defendant denies.

74. Defendant denies.

75. Defendant denies.

76. Defendant denies.

77. Defendant denies.

78. Defendant denies.

79. Defendant denies.

80. Defendant denies.

**IN RESPONSE TO "PRAYER FOR RELIEF"**

81. Paragraph 81 contains Plaintiff's prayer for relief and as such does not require a response, but to the extent a response is deemed necessary, this paragraph is denied.

    a. Defendant denies.

    b. Defendant denies.

    c. Defendant denies.

    d. Defendant denies.

    e. Defendant denies.

    f. Defendant denies.

    g. Defendant denies.

    h. Defendant denies.

82. All allegations in the complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The United States, through its employees, did not owe a legal duty to Plaintiff.

### FOURTH DEFENSE

The United States, through its employees, did not breach a legal duty to Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are subject to and limited by all exceptions and limitations in the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

## SIXTH DEFENSE

Plaintiff's recovery, if any, against the United States is limited to the amount of damages specified in his SF-95 administrative claim.

## SEVENTH DEFENSE

Defendant did not maliciously prosecute Plaintiff.

## EIGHTH DEFENSE

There is a presumption of probable cause arising from the grand jury indictment of Plaintiff.

## NINTH DEFENSE

Plaintiff does not rebut the presumption of probable cause.

## TENTH DEFENSE

Probable cause supported the issuance of search warrants regarding Plaintiff, Plaintiff's indictment, Plaintiff's arrest, Plaintiff's detention, and Plaintiff's prosecution.

## ELEVENTH DEFENSE

No official displayed malice in prosecuting Plaintiff.

## TWELFTH DEFENSE

The criminal prosecution of Plaintiff did not terminate in a way consistent with Plaintiff's innocence.

## THIRTEENTH DEFENSE

Defendant's employees' actions were at all times reasonable and lawful.

## FOURTEENTH DEFENSE

Acts or omissions of the United States, through its employees, were not the proximate cause of any injury to Plaintiff.

## FIFTEENTH DEFENSE

To the extent there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply, and liability must be apportioned or any judgment reduced as set forth under applicable state law.

## SIXTEENTH DEFENSE

Plaintiff has failed to mitigate, obviate, diminish, or otherwise act to avoid, lessen, or reduce the injuries, damages, and disabilities alleged, and any damages must be limited accordingly.

## SEVENTEENTH DEFENSE

Plaintiff may not recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

## EIGHTEENTH DEFENSE

The damages alleged in Plaintiff's Complaint were caused by one or more unforeseeable, superseding acts.

## NINETEENTH DEFENSE

In the event that the Court enters a judgment against Defendant United States, that judgment must be reduced, pursuant to N.Y. C.P.L.R. § 4545 and other applicable New York State laws, by the amounts that Plaintiff has been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source for any past or future economic loss arising from the alleged injuries and damages.

In the event that the Court enters a judgment against Defendant United States, that

judgment must be reduced by any collateral source as permitted by law.

## TWENTIETH DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

## TWENTY-FIRST DEFENSE

Should the Court award judgment in Plaintiff's favor, any attorney's fees should be taken out of the judgment or settlement, not in addition thereto, and are limited by statute to 25%. 28 U.S.C. § 2678.

## TWENTY-SECOND DEFENSE

Defendant asserts that it has, or may have, additional defenses which are not presently known to it at this time, but which may be ascertained through discovery. Defendant specifically preserves those and other defenses as they may be ascertained through ongoing discovery.

WHEREFORE, Defendant demands judgment in its favor dismissing Plaintiff's complaint, together with the costs and disbursements of this action, and for such other and further relief as is deemed just and proper.

Dated:    Brooklyn, New York
           April 23, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
*Attorney for Defendant*
271 Cadman Plaza East
Brooklyn, New York 11201


By:    */s/ Justin S. Kirschner*
Justin S. Kirschner
Assistant United States Attorney
(718) 254-6884
Justin.Kirschner@usdoj.gov

To:    **Via ECF**
Stephen Bruce Meister
Milton Eugene Otto
Meister Seelig & Fein PLLC
125 Park Avenue, Ste Floor 7
New York, NY 10017
(212) 655-3500
sbm@msf-law.com
mo@mss-pllc.com
*Attorneys for Plaintiff*