

U.S. Department of Justice

**United States Attorney**
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 11, 2026

By ECF
Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Nerayoff v. United States, et al.*, No. 25-cv-2012 (PKC) (JAM)

Dear Judge Marutollo:

This Office represents Defendant United States of America in this case. This case arises from the indictment and prosecution of Plaintiff for an alleged extortion scheme, which the Honorable Chief Judge Margo K. Brodie dismissed with prejudice on this Office's motion, which was filed after a motion by Plaintiff (defendant there) to dismiss the action or to unseal the grand jury minutes. *See United States v. Nerayoff*, No. 20-cr-008-MKB-1, ECF No. 123. Here, Plaintiff claims malicious prosecution and seeks damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674-2690. The parties write in accordance with Your Honor's Order dated April 9, 2026, directing the parties to "file a joint status report by May 11, 2026."

## I.     Answer To The Amended Complaint

On April 9, 2026, the Court ordered Defendant to "file its Answer to the Amended Complaint by April 23, 2026." Defendant timely filed its Answer. *See* ECF No. 25.

## II.     Plaintiff's Discovery Requests To Defendant And A Third Party

The parties last provided a joint status report on April 2, 2026. *See* ECF No. 23. The parties respectfully provide the following update on developments since then.

### a.     Defendant's First Production Of Documents And Ongoing Review

As the parties previously reported, Defendant served responses and objections to Plaintiff's requests for production on March 6, 2026. *See* ECF No. 23 at 1. On May 7, 2026, Defendant supplemented its responses and objections by producing documents responsive to Plaintiff's request for "All documents produced by the Government in discovery in the Nerayoff Criminal Case." As Defendant informed Plaintiff, technical difficulties prevented the secure file transfer of a portion of this production, which Defendant is still working to cure.

Plaintiff's other requests for production require the collection and review of documents in the possession of the FBI. That process requires multiple layers of legal review for applicable

privileges and is ongoing.

### b. Plaintiff's Document And Deposition Subpoenas To Michael Hlady

On April 13, 2026, Plaintiff issued document and deposition subpoenas to third-party, Michael Hlady. Mr. Hlady was charged as Plaintiff's alleged co-conspirator in the underlying criminal case. *See United States v. Hlady*, No. 20-cr-00008-MKB-2. After the criminal complaint against Plaintiff was dismissed with prejudice, the Government consented to Mr. Hlady withdrawing his guilty plea to the extortion charges, on condition that he plead guilty to a superseding count of wire fraud for conduct unrelated to Mr. Nerayoff. *See* No. 20-cr-00008-MKB-2, ECF No. 133; Docket Entry dated Mar. 19, 2024. Plaintiff sought to depose Mr. Hlady before his incarceration, which was scheduled to begin approximately three weeks after Plaintiff issued the deposition subpoena. *See id*. Order dated Mar. 31, 2026.

Defendant objected to the short notice provided to depose Mr. Hlady. To resolve Defendant's objection, the parties agreed to permit Mr. Hlady's deposition to open on April 24, 2026, and agreed that if either party wants to continue deposing Mr. Hlady during his incarceration, the other party would not object thereto. Pursuant to the parties' agreement, Mr. Hlady was deposed for approximately two hours on April 24, 2026, and his deposition remains open.

On May 8, 2026, Plaintiff produced to Defendant documents that Mr. Hlady provided to Plaintiff's counsel after his deposition.

### c. Mr. Hlady's Devices And The Contents Of His Devices

Among Plaintiff's requests for production to Defendant, Plaintiff seeks "All electronically stored information [("ESI")] from any cell phone, personal computer, laptop, tablet, or other device belonging to or used by Michael Hlady." Relatedly, Plaintiff's subpoena to Mr. Hlady seeks communications and documents between him and "any agent or employee of the Government."

During approximately the last month, the parties' counsel conferred multiple times over telephone and email regarding matters raised by such requests, and did so most recently on May 8, 2026, for approximately 53 minutes via videoconference. The matters raised by these requests are the subject of the parties' recent letters to Judge Chen (ECF Nos. 26-28) and Judge Chen's and Your Honor's Orders dated May 7, 2026.

### i. Mr. Hlady's Laptop

As brief background, months after Mr. Hlady was indicted and released under electronic monitoring (*see* 20-cr-00008-MKB-2, ECF No. 24), the Government moved to modify his release conditions to prohibit Mr. Hlady from possessing any internet-enabled devices. *See* 20-cr-00008-MKB-2, ECF No. 50. With Mr. Hlady's consent, Chief Judge Brodie imposed such modified conditions of release. *See id.*, Dkt. Entry dated Sept. 24, 2020. According to a Receipt For Property/Chain Of Custody, which Mr. Hlady provided to the parties' counsel via a recent letter, Mr. Hlady "consent[ed]" to the "self-surrender" to the United States Probation Office of his Apple MacBook Pro laptop at his home in Rhode Island on the same day as Judge Brodie's

order. Mr. Hlady's letter purports to "direct" that his laptop now "be delivered" to Plaintiff's counsel.

In discovery here, Plaintiff seeks the contents of Mr. Hlady's laptop from Defendant and Mr. Hlady. Undersigned counsel informed Plaintiff's counsel that this Office does not represent the U.S. Probation Office in Rhode Island in this case, as it is an arm of the judiciary and a third-party to this case, so Plaintiff's requests for production to Defendant are not the proper vehicle for obtaining the contents of Mr. Hlady's laptop. Mr. Hlady's recent letter purporting to "direct" that his laptop "be delivered" to Plaintiff's counsel is not the proper vehicle for that demand for the same reasons. Defendant will respond to Plaintiff's position below in the parties' joint filing in accordance with Your Honor's May 7, 2026, Order.

**Plaintiff's Position Regarding Mr. Hlady's Devices Generally**

Plaintiff agrees that his Demand No. 6 is an ordinary discovery request seeking responsive ESI and that the Government's obligation *under that demand* is to make an appropriate ESI production. However, Plaintiff separately served a subpoena duces tecum on Mr. Hlady. Plaintiff thereafter met and conferred directly with Mr. Hlady and resolved the subpoena by agreement. Mr. Hlady in writing directed that his two devices — a cell phone and laptop — be delivered to Plaintiff's counsel for examination and extraction of ESI and thereafter returned to Mr. Hlady (now serving a prison sentence and in federal custody). Those devices are non-contraband private property. The criminal prosecutions of both Plaintiff and Mr. Hlady have concluded. The Government has articulated no continuing evidentiary or prosecutorial need to retain the devices.

Accordingly, two separate obligations now exist in parallel: 1) the Government's obligation to produce responsive ESI under Plaintiff's discovery demands; and 2) the Government's independent obligation to relinquish possession of Mr. Hlady's devices consistent with Mr. Hlady's written direction and resolution of the subpoena. The Government improperly attempts to collapse these distinct issues into a single discovery dispute.

Phone company records subpoenaed by Plaintiff during the criminal case demonstrated extensive contact between Agent Anderson and Mr. Hlady, including over 100 text messages between the two and many cell-to-cell calls between the two during the relevant period. Plaintiff has now obtained evidence demonstrating that prior Government productions omitted facially exculpatory communications contained on Mr. Hlady's devices. Following Mr. Hlady's deposition, Plaintiff obtained backup SMS data preserved outside Government custody on Marianna Hlady's desktop computer. Those backup files contained some of the omitted exculpatory text exchanges between Mr. Hlady and the alleged extortion victim.

The existence of omitted exculpatory communications recovered from non-Government backup sources gives Plaintiff good reason to question the completeness and neutrality of any Government-curated filtering process. This is not an ordinary dispute over search terms or custodians. Plaintiff's core contention is that the Government itself previously failed to produce materially exculpatory communications from these devices

during the criminal case. Requiring Plaintiff to rely exclusively on another Government-curated extraction process would improperly leave the accused suppressor of evidence as sole gatekeeper of the evidence. The parties have already entered into a Protective Order in this matter, eliminating any legitimate confidentiality concern associated with turnover of the devices or extracted ESI.

**Plaintiff's Position regarding Mr. Hlady's Laptop**:

The Government identifies no ongoing prosecution, forfeiture proceeding, evidentiary need, or ownership dispute justifying continued retention of the devices. Accordingly, it is unclear whether the Government agrees that Hlady has the right to return of his property (and is merely not employing the "proper vehicle" for that right by directing its return to Plaintiff's counsel), or alternatively, opposes return of the devices as Hlady directed for some other, as-yet-unstated reasons. Under these circumstances, the more sensible and efficient course is to resolve the turnover issue directly within this already-pending action rather than force satellite litigation over property the Government no longer has any legitimate basis to retain.[1]

In all events, having disclaimed any connection to the laptop, the Government lacks any legitimate basis to oppose delivery of the laptop pursuant to Mr. Hlady's written authorization. The Government cannot simultaneously disclaim possession and control over the laptop while also attempting to prevent its turnover. No forfeiture proceeding exists. No criminal prosecution remains pending. The Government has articulated no continuing evidentiary need for retention of the laptop, nor has it contended that the laptop constitutes contraband. The Court should therefore direct turnover of the laptop to Plaintiff's counsel pursuant to Mr. Hlady's written instruction.

ii.     **Mr. Hlady's Cell Phones**

As brief background, before he was indicted, Mr. Hlady voluntarily provided the FBI with his Solarin cell phone, which the FBI returned shortly thereafter. Months after Mr. Hlady was indicted, the FBI executed a search warrant on Mr. Hlady's residence and seized an Apple iPhone.

In discovery here, Plaintiff sought the contents of Mr. Hlady's cell phones from Defendant and Mr. Hlady. After discussions between counsel, Plaintiff agreed to provide Defendant with a list of topics to search for on the contents of Mr. Hlady's cell phones, which has not yet been provided. In the meantime, the FBI is investigating its technical capability to review and produce contents of Mr. Hlady's cell phones, as well as investigating any legal permissions it may have to obtain to do so, given that Plaintiff is requesting production of the contents of devices that are not his.

Plaintiff since also requested Mr. Hlady's iPhone itself (distinct from its contents) to

---

[1] If the Court believes additional procedural formalization is necessary, Plaintiff will request that Mr. Hlady move under Fed Rule of Crim. Proc. 41(g) before Chief Judge Brodie seeking return of his property.

conduct a forensic examination. Undersigned counsel informed Plaintiff's counsel of Defendant's position that the parties should work through potential production of contents of Mr. Hlady's phones before reaching the matter of whether the device should be produced. Defendant reserves all defenses to producing Mr. Hlady's device. Defendant will respond to Plaintiff's position below in the parties' joint filing in accordance with Your Honor's May 7, 2026, Order.

**Plaintiff's Position Regarding Mr. Hlady's Cell Phones:**

As Plaintiff stated above, the Government must both: 1) produce responsive ESI under Plaintiff's discovery demands; and, separately, 2) relinquish possession of Mr. Hlady's devices consistent with Mr. Hlady's written direction and resolution of the subpoena. The Government improperly attempts to collapse these distinct issues into a single discovery dispute.

Plaintiff reserves the right to further flesh out his positions regarding Mr. Hlady's devices in the May 18th joint letter directed by the Court.

Lastly, on May 8, 2026, Plaintiff requested production of the search warrant for Mr. Hlady's residence. Defendant's deadline to respond to that request under Fed. R. Civ. P. 34 is June 8, 2026.

### III.     Defendant's Discovery Requests To Plaintiff

The parties' last joint status report (ECF No. 23 at 2) reported that Plaintiff served responses and objections to Defendant's requests for production and interrogatories on March 27, 2026. Plaintiff agreed to search for documents responsive to most of Defendant's requests for production and offered to meet and confer about the scope of the rest. Defendant has not yet produced any documents in response to Defendant's request for production.

**Plaintiff's Additional Statement:**

Plaintiff was recently evicted from his home in the aftermath of the malicious prosecution and his devices are in storage. While this has delayed matters somewhat, Plaintiff has engaged an e-discovery vendor and made arrangements to facilitate collection of responsive ESI from Plaintiff's devices and hopes to make such production shortly.

### IV.     Joint Request To Extend Discovery Deadlines

In light of the fact discovery outstanding from both parties, the parties respectfully and jointly request that the Court extend all pre-trial deadlines by approximately three months, as detailed below (avoiding weekend deadlines as necessary).

| Juncture | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Close of Fact Discovery; deadline to amend pleadings; | June 8, 2026 | September 8, 2026 |

| deadline to join parties | | |
|---|---|---|
| Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosures | June 12, 2026 | September 14, 2026 |
| Defendant's Fed. R. Civ. P. 26(a)(2) disclosures | July 17, 2026 | October 19, 2026 |
| Close of discovery | August 14, 2026 | November 16, 2026 |

The parties thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:       */s/ Justin S. Kirschner*
Justin S. Kirschner
Assistant U.S. Attorney
(718) 254-6884
Justin.Kirschner@usdoj.gov

cc (via ECF): All counsel of record.